IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN, INFANTS, AND CHILDREN GROCERS ASSOCIATION, et al, <br><br> Plaintiffs, <br> v. <br><br> FOOD AND NUTRITION SERVICE, <br><br> Defendant. | Civil Action No. 05-2432 (EGS) |

**TEMPORARY RESTRAINING ORDER**

This matter comes before the Court on the motion of Plaintiffs National Women, Infants and Children Grocers Association, National Food Distributors, Inc., County Food Services, Inc., and Dillard Foods, Inc., for a temporary restraining order. Upon consideration of the parties' respective submissions in support of and in opposition to plaintiffs' motion,

**IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' motion for a temporary restraining order is hereby **GRANTED** as to named Plaintiffs and the current members of Plaintiff Association, which do business in the states of California, Florida, Texas, Kansas, Arkansas, Oklahoma, and Puerto Rico. Plaintiffs will provide a sealed declaration to counsel for Defendant that will specify the members of the Plaintiff Association and the states in which they operate.

2. Defendant Food and Nutrition Service of the United States Department of Agriculture is hereby enjoined through and including February 9, 2006, from taking enforcement action against a state specified in Paragraph 1 under 7 C.F.R. § 246.12(g)(4)(i)(D) for payments

       made under the WIC program to any persons named in Paragraph 1 or in the declaration referred to in Paragraph 1.

3. Defendant Food and Nutrition Service of the United States Department of Agriculture is hereby enjoined through and including February 9, 2006, from taking enforcement action against a state specified in Paragraph 1 under 7 C.F.R. § 246.12(g)(4)(vi) for any payment made under the WIC program to any person identified in paragraph 1 or in the declaration referred to in paragraph 1, **but** **only** to the extent that sentences two and three of that provision may be construed to require States to compare average payments per food instrument to above-50-percent vendors (WIC-only stores) to average payments per food instrument made to all other WIC vendors rather than to other comparable WIC vendors.

4. Nothing herein shall affect the obligation of the States to comply as of December 30, 2005, with the statutory requirements of 42 U.S.C. § 1786(h).

5. (a) The Defendant shall make available the administrative record for Plaintiffs' review and selection by noon on January 6, 2006.

   (b) The Parties shall file cross motions for summary judgment and supporting papers by 1:00 pm on January 17, 2006.

   (c) The Parties shall file opposition briefs by 6:00 pm on January 20, 2006.

   (d) A hearing shall be scheduled for 11:00 am on January 26, 2006 in Courtroom 24A.

   (e) The parties are instructed to hand-deliver to chambers two copies of their respective pleadings together with two copies of their primary authorities on their respective due dates. Copies of authorities already provided to chambers need not be resubmitted.

   **So ORDERED this 29th day of December, 2005.**

**Signed:**     **Emmet G. Sullivan**
**United States District Judge**
**December 29, 2005.**