IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN, INFANTS, AND CHILDREN GROCERS ASSOCIATION, NUTRITIONAL FOOD DISTRIBUTORS, INC., COUNTY FOOD SERVICES, INC., and DILLARD FOODS, INC.,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>FOOD AND NUTRITION SERVICE,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-2432 (EGS)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JDUGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

The Court has considered the motion of Plaintiffs National Women, Infants, and Children Grocers Association, Nutritional Food Distributors, Inc., County Food Services, Inc., and Dillard Foods, Inc. for summary judgment, and the cross-motion of Defendant Food and Nutrition Service ("FNS") for summary judgment. The Court concludes that this case does not present any disputed issues of material fact.

The Court concludes and DECLARES that:

　　a.　In promulgating the interim final rule published in the *Federal Register* for November 29, 2005 (70 Fed. Reg. 71,708), FNS violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 553(b), and the policy of the U.S. Department of Agriculture published in the Federal Register for July 24, 1971 (36 Fed. Reg. 13,804) by failing to utilize notice-and-comment rulemaking procedures.

    b.  In promulgating the interim final rule published in the *Federal Register* for November 29, 2005, FNS violated the Regulatory Flexibility Act ("RFA"), 5 U.S.C. § 601, *et seq.*, by failing to conduct a regulatory flexibility analysis as required by the RFA.

    c.  In promulgating the interim final rule published in the *Federal Register* for November 29, 2005, FNS violated the APA, 5 U.S.C. § 706, because the rule is inconsistent with, and is based on an unreasonable interpretation of, the Child Nutrition and WIC Reauthorization Act of 2004 ("Reauthorization Act").

    It is hereby ORDERED that:

    a.  Plaintiffs' motion for summary judgment is granted, and Defendant's cross-motion for summary judgment is denied.

    b.  The interim final rule published in the *Federal Register* for November 30, 2005 (70 Fed. Reg. 71,708) is vacated.

    c.  The rulemaking proceeding is remanded to FNS for further proceedings consistent with the APA, RFA, and the Reauthorization Act.

Signed: _____, 2006

                                            _____
                                            Emmet G. Sullivan
                                            United States District Judge