# EXHIBIT D

THAD COCHRAN, MISSISSIPPI
  CHAIRMAN
RICHARD G. LUGAR, INDIANA
MITCH McCONNELL, KENTUCKY
PAT ROBERTS, KANSAS
PETER G. FITZGERALD, ILLINOIS
SAXBY CHAMBLISS, GEORGIA
NORM COLEMAN, MINNESOTA
MIKE CRAPO, IDAHO
JAMES M. TALENT, MISSOURI
ELIZABETH DOLE, NORTH CAROLINA
CHARLES E. GRASSLEY, IOWA

TOM HARKIN, IOWA
  RANKING DEMOCRATIC MEMBER
PATRICK J. LEAHY, VERMONT
KENT CONRAD, NORTH DAKOTA
THOMAS A. DASCHLE, SOUTH DAKO
MAX BAUCUS, MONTANA
BLANCHE L. LINCOLN, ARKANSAS
ZELL MILLER, GEORGIA
DEBBIE STABENOW, MICHIGAN
E. BENJAMIN NELSON, NEBRASKA
MARK DAYTON, MINNESOTA

# United States Senate

COMMITTEE ON
AGRICULTURE, NUTRITION, AND FORESTRY
WASHINGTON, DC 20510-6000
202-224-2035
TTY/TDD 202-224-2587

September 23, 2004

The Honorable Ann Veneman
Secretary
United States Department of Agriculture
1400 Independence Avenue, SW
Washington, DC  20250

**35-4260821**
**FNS**

Dear Madam Secretary:

Thank you for the hard work that you and your staff have done in moving swiftly to implement the provisions of Public Law 108-265, the Child Nutrition and WIC Reauthorization Act of 2004. We understand that numerous policy memoranda have already been disseminated to state and local stakeholders and that, thus far, implementation of policy changes has been relatively smooth.

We want to bring two sections of the Child Nutrition and WIC Reauthorization Act of 2004 to your attention because of our particular concern about rising costs in the WIC program. Section 203(e)(10) and section 203(e)(13) of the statute were included in the legislation specifically because of the participation of so-called WIC-only stores in the WIC program. Specifically these provisions were included as a result of the apparent negative impact that WIC-only stores have on cost-containment in the WIC program. We believe that section 203(e)(10) and section 203(e)(13) constitute a fair response to WIC-only stores and provide to USDA and to state WIC agencies adequate authority to respond in such a manner that the financial integrity of the WIC program remains sound.

WIC-only stores are a relatively new type of store in the WIC program. As the name suggests, WIC-only stores are retail stores that predominantly serve WIC participants and in which the vast majority of, if not all, store revenue comes from the redemption of WIC vouchers for WIC food items. Available evidence suggests that WIC-only stores, on average, charge much higher prices for WIC food items than do regular grocery stores, resulting in significantly higher costs to the federal government and creating long-term cost-containment problems in the WIC program. Because of the cost containment challenges posed by WIC-only stores and because of their unique characteristics, Congress included in the Child Nutrition and WIC Reauthorization Act of 2004 provisions that seek to ensure that the participation of WIC-only vendors in the WIC program does not result in higher food costs to the WIC program.

Section 203(e)(10) of the Child Nutrition and WIC Reauthorization Act of 2004 provides to USDA explicit authority to require states to establish vendor peer groups, competitive price criteria, and allowable reimbursement levels. Though the statute itself

gives states broad flexibility in establishing them, it provides two overarching cost-neutrality requirements that states must meet if they authorize WIC-only stores: 1) aggregate WIC food costs must be no higher if WIC participants choose to shop at WIC-only stores rather than at regular competitive stores and 2) the prices paid by the WIC program for the redemption of WIC vouchers at WIC-only stores must be consistent with prices paid to comparable regular grocery stores.

States were given wide latitude in establishing peer groups, price criteria, and allowable reimbursement levels. This flexibility was provided in recognition that the retail landscape and the economic realities of the marketplace vary widely. As such, Congress intended to provide to states the ability to set guidelines that reflect this broad variability.

Section 203(e)(13) of the Child Nutrition and WIC Reauthorization Act of 2004 also pertains to WIC-only stores. Section 203(e)(13) prohibits state WIC agencies from authorizing or making payments to WIC-only stores that provide incentive items or provide free merchandise to WIC participants unless the vendor provides proof to the state agency that those items were obtained at no cost. The purpose of this provision is to prevent WIC-only stores from essentially using federal funds to purchase food items and other incentives that are not allowable uses of WIC food funds.

This provision was included out of concern regarding the wide array of incentives that WIC-only stores offer to WIC participants, including appliances, pots and pans, bicycles, food items, and even cash incentives for customers who bring new customers to WIC-only stores. This is of particular concern because, unlike regular grocery stores where the majority of store revenue comes from non-WIC customers, WIC-only stores receive all or nearly all of their store revenue from the redemption of WIC vouchers. As a result, all or nearly all of WIC-only stores' revenue is derived from federal dollars. Any such incentives offered in WIC-only stores are thus, in effect, paid for from federal dollars.

In order to contain program costs, the bill grants to state agencies specific authority to restrict a broad range of incentives that may contribute, either directly or indirectly, to higher costs in WIC-only stores and thus, to the WIC program. In fact, the term "incentive item" was used deliberately in order to capture any incentives, including services, that may be provided to a WIC participant by a WIC-only store. Because there is such a diversity of incentive items offered by WIC-only stores, from cash payments to food items to appliances, just to name a few, any attempt to include a comprehensive list in the statute would inevitably have been incomplete. Instead, the statutory language provides broad authority to state agencies to address incentives that contribute to growing costs in the WIC program. This may include food items of more than nominal value, merchandise of more than nominal value, retail services, marketing practices, and other as-yet unanticipated incentives. The statue provides specific exceptions for food of nominal value and merchandise of nominal value. Had the Congress intended to create exceptions for other incentives, such as services, it would have included a list of exceptions in the statutory text.

Section 203(e)(13) of the Child Nutrition and WIC Reauthorization Act of 2004 does not seek to establish parity of marketing practices between WIC-only stores and regular grocery stores, but to contain costs associated with WIC-only stores. The marketing practices of regular competitive retail stores have no bearing whatsoever on this provision. Because WIC-only stores are not price-sensitive and are insulated from marketplace competition, it is wholly appropriate to regulate their practices in a manner that is different from the regulations applied to the regular retail marketplace, especially when their practices, including offering incentives in the form of food, services, or merchandise, result in higher costs to the WIC program. This is why the statute lays out specific requirements pertaining to the marketing practices of WIC-only stores but does not address the marketing practices of regular retail stores.

We know that you share our concerns about cost-containment in the WIC program. The provisions pertaining to WIC-only stores in the Child Nutrition and WIC Reauthorization Act of 2004 provide to USDA and to state agencies an important new tool in containing WIC program costs in the present and, just as importantly, in preventing unnecessary expenditures in the future. We believe that the clarification of Congressional intent that we have provided in this letter will help USDA and state agencies to achieve the cost containment goals that we all share.

Thank you for your attention to this matter.

Sincerely,

THAD COCHRAN
Chairman

TOM HARKIN
Ranking Democrat

00658