# EXHIBIT 1

Case 1:05-cv-02432-EGS    Document 15-4    Filed 01/17/2006    Page 1 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN, INFANTS, AND )<br>CHILDREN GROCERS ASSOCIATION, )<br>NUTRITIONAL FOOD DISTRIBUTORS, INC.,)<br>COUNTY FOOD SERVICES, INC., and )<br>DILLARD FOODS, INC., )<br>                Plaintiffs, )<br>v. )<br>   )<br>FOOD AND NUTRITION SERVICE, )<br>                Defendant. ) | Civil Action No. 05-2432 (EGS) |

### DECLARATION OF KAREN R. HARNED

I, Karen R. Harned, state as follows:

1. I make this Declaration based on my personal knowledge.

2. I am Executive Director of the National Federation of Independent Business ("NFIB") Legal Foundation. I have held this position since 2002.

3. NFIB established the NFIB Legal Foundation in 2000 to help ensure that federal agencies comply with the law in their treatment of small business. One of the NFIB Legal Foundation's specific concerns is agency compliance with the Regulatory Flexibility Act (RFA).

4. In the past five years, the NFIB Legal Foundation has brought three actions challenging violations of the RFA by federal agencies. NFIB has prevailed in one, *National Association of Home Builders v. U.S. Army Corps of Engineers*, No. 04-5009 (D.C. Cir. July 7, 2005), while two others are currently in litigation.

5. NFIB and the NFIB Legal Foundation have submitted comments to agencies on over 20 rules regarding the RFA.

6. NFIB Legal Foundation also works closely with Small Business Administration's Office of Advocacy to ensure agency RFA compliance is monitored and enforced.

7. For its part, NFIB is the nation's oldest and largest non-profit national organization dedicated to representing the interests of small business owners throughout all 50 states. It is comprised of 600,000 members who are the owners of a wide variety of America's small businesses, from mom-and-pop grocery stores to bowling alleys to construction firms.

8. NFIB's national membership includes stores whose gross sales from WIC items are above 50 percent of their gross sales (WIC-only stores). NFIB's members independently own and operate their businesses and are not dominant in their field of operations. The

majority of NFIB members have five employees, gross sales of approximately $350,000 per year, and net profits of $40,000 to $50,000 annually.

9. Many of these small-business owners who own WIC-only stores and belong to NFIB also belong to Plaintiff National Women, Infants, and Children Grocers Association. They will be negatively impacted by the U.S. Food and Nutrition Service (FNS) cost containment rule.

10. WIC-only stores are small businesses that will be regulated under the FNS cost containment rule. NFIB's members have a legally cognizable right in ensuring that FNS comply with the regulatory processes mandated by the RFA – processes which Congress put in place for their benefit and protection. FNS's failure to follow the RFA's procedures has violated these small business' legal rights under the RFA and has resulted in the issuance of a final rule without any consideration of the rule's impact on small entities and less burdensome regulatory alternatives.

FURTHER DECLARANT SAYETH NOT.


I declare under penalty of perjury that the statements above are true and correct.

Dated: January 17, 2006

_Karen R. Harned_
Karen R. Harned