IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN, INFANTS, AND ) <br> CHILDREN GROCERS ASSOCIATION, ) <br> NUTRITIONAL FOOD DISTRIBUTORS, INC., ) <br> COUNTY FOOD SERVICES, INC., and ) <br> DILLARD FOODS, INC., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> FOOD AND NUTRITION SERVICE, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 05-2432 (EGS) |

**PLAINTIFFS' RESPONSE TO**
**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIALS FACTS**

Plaintiffs National Women, Infants, and Children Grocers Association, Nutritional Food Distributors, Inc., County Food Services, Inc., and Dillard Foods, Inc. submit this response to the statement of undisputed material facts of Defendant Food and Nutrition Service ("FNS").

1. Admit.

2. Admit.

3. Admit.

4. The Senate Report and *Federal Register* notice cited by FNS speak for themselves. Plaintiffs are without sufficient information to admit or deny this paragraph because Plaintiffs do not know what meaning is intended to be ascribed to the terms "routinely," "above-market rates," and "higher."

5. Admit.

6. This paragraph purports to characterize events that presumably are described in documents that should be, but in fact are not, in the Administrative Record that FNS provided to Plaintiffs. Instead of providing the relevant documents to Plaintiffs and to this Court in the Administrative Record, FNS chose to characterize the events in the Declaration of Ronald Vogel,

which was developed after the fact and is not properly part of the Administrative Record in this proceeding. Without access to the underlying documents, Plaintiffs are without sufficient information to admit or deny this paragraph.

7. See response to paragraph 6.

8. See response to paragraph 6.

9. See response to paragraph 6.

10. See response to paragraph 6.

11. See response to paragraph 6.

12. See response to paragraph 6.

13. See response to paragraph 6.

14. See response to paragraph 6. The cited *Federal Register* document speaks for itself.

15. See response to paragraph 6.

16. With regard to the first sentence of this paragraph, see response to paragraph 6. Deny the second sentence of this paragraph because it is misleading; *see* Declaration of John W. Bode, filed concurrently with this response.

17. See response to paragraph 6.

18. See response to paragraph 6.

19. See response to paragraph 6.

20. See response to paragraph 6.

21. See response to paragraph 6.

22. With regard to the first sentence of this paragraph, see response to paragraph 6. Admit the second sentence of this paragraph.

23. See response to paragraph 6.

24. See response to paragraph 6.

2

25. See response to paragraph 6.

26. See response to paragraph 6.

27. Plaintiffs are without sufficient information to admit or deny this paragraph.

28. Plaintiffs are without sufficient information to admit or deny this paragraph.

29. With regard to the first sentence of this paragraph, see response to paragraph 6. The second sentence of this paragraph sets forth a legal conclusion to which no response is needed.

30. With regard to the first sentence of this paragraph, see response to paragraph 6. The document identified as "Exhibit B" speaks for itself; Plaintiffs are without sufficient information to admit or deny this paragraph to the extent that this paragraph is based on that document.

31. See response to paragraph 6.

32. The document identified as "Exhibit C" speaks for itself; Plaintiffs are without sufficient information to admit or deny this paragraph to the extent that this paragraph is based on that document.

33. The document identified as "Exhibit C" speaks for itself; Plaintiffs are without sufficient information to admit or deny this paragraph to the extent that this paragraph is based on that document.

34. See response to paragraph 6.

35. See response to paragraph 6.

36. See response to paragraph 6.

37. Plaintiffs are without sufficient information to admit or deny this paragraph.

38. This paragraph sets forth legal conclusions to which no response is required.

Dated:  January 20, 2006							Respectfully submitted,


                                      Philip C. Olsson, Bar No. 172163
                                      Arthur Y. Tsien, Bar No. 411579
                                      OLSSON, FRANK AND WEEDA, P.C.
                                      1400 16th Street, N.W., Suite 400
                                      Washington, D.C. 20036-2220
                                      (202) 789-1212
                                      (202) 234-3537 (fax)

                                      Attorneys for   National Women, Infants, and
                                      Children Grocers Association, Nutritional Food
                                      Distributors, Inc., County Food Services, Inc., and
                                      Dillard Foods, Inc.