UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN, INFANTS AND CHILDREN GROCERS ASSOCIATION, et. al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>FOOD AND NUTRITION SERVICE,<br><br>　　　　　　　　　　　　Defendant. | Case No. 1:05-cv-02432-EGS<br>Judge Emmet G. Sullivan |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF
MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to LCvRs 7.1(h) and 56.1, defendant Food and Nutrition Service ("FNS") submits the following response to Plaintiffs' Statement of Undisputed Material Facts, dated January 17, 2006 ("Pl. Statement of Material Facts").

1. Not disputed.

2. Not disputed, but immaterial.

3. Not disputed.

4. Not disputed.

5. Not disputed, but immaterial.

6. Not disputed, except to observe that it is not established anywhere in the record whether those figures are for gross sales, gross food sales, or net food profits, or in what timeframe those sales were made.

7. Not disputed but immaterial.

8. Not disputed.

9. Not disputed.

10. Not disputed but immaterial.

11. Not disputed.

12. Not disputed.

13. Not disputed. but immaterial.

14. Not disputed, except to the extent that Paragraph 14 states several conclusions of law rather than of fact, to which no response is required. Paragraph 14 also describes a hypothetical WIC customer and thus does not appear to be a statement of fact to which a response is required. This paragraph also states that "WIC vouchers are in English" but the record citation appears to support only a proposition that WIC vouchers in Oklahoma are in English. Also, this fact is immaterial.

15. Not disputed except to the extent that Paragraph 15 seems to describe a hypothetical customer rather than to be a statement of fact to which a response is required. Also, insofar as Paragraph 15 is meant to be a description of the process encountered by WIC customers in all traditional grocery stores, there is no evidence suggesting that declarant Eann Robinson has personal knowledge of such facts. The other cited provisions of the record do not support this proposition. Also, this fact is immaterial.

16. Not disputed, except to the extent that Paragraph 16 seems to describe a hypothetical customer rather than to be a statement of fact to which a response is required. Also, insofar as Paragraph 16 is meant to be a description of the process encountered by WIC customers in all traditional grocery stores,there is no evidence suggesting that declarant Eann Robinson has personal knowledge of such facts. Also, this fact is immaterial.

17. Not disputed, but immaterial. Also, insofar as Paragraph 17 is meant to be a description of the process encountered by WIC customers in all traditional grocery stores, there is no evidence

suggesting that declarant Eann Robinson has personal knowledge of such facts.

    18. Not disputed, but immaterial.

    19. Not disputed but immaterial.

    20. Disputed in part. Paragraph 20 appears to only describe those stores which serve only WIC customers as opposed to "above-50-percent vendors," a somewhat larger category addressed by the statute. Vogel Decl. ¶ 9.

    21. Not disputed, insofar as it describes information as to which the declarants have personal knowledge. However, the cited portions of the record offer no reason to believe that the declarants have personal knowledge of the decisionmaking process of all WIC customers. Also, these facts are immaterial.

    22. Disputed in part. Paragraph 22 appears to only describe those stores which serve only WIC customers as opposed to "above-50-percent vendors," a somewhat larger category addressed by the statute. Vogel Decl. ¶ 9. Also, these facts are immaterial.

    23. Not disputed but immaterial.

    24. Not disputed insofar as it restates the FNS's finding that "there is some evidence that WIC-only stores require full redemption of voucher, resulting in higher redemption values compared with other vendors." 70 Fed. Reg. at 71729. This fact is immaterial.

    25. Not disputed but immaterial.

    26. Disputed in part. Paragraph 26 appears to only describe those stores which serve only WIC customers as opposed to "above-50-percent vendors," a somewhat larger category addressed by the statute. Vogel Decl. ¶ 9. Furthermore, the second sentence reports hearsay – the truth of which statements the declarants do not have personal knowledge. Also, all of these facts are

immaterial.

27. Paragraph 27 states a conclusion of law, as to which no response is required. Insofar as it states as a fact that all WIC-only stores will be harmed by implementation of the interim rule, it is disputed. See, e.g., Robinson Decl. ¶ 37 (noting that her stores already charge prices competitive with large retailers).

28. Disputed in part. The interim final rule does not "invite" states to remove all WIC-only stores from the state's WIC program. See generally 70 Fed. Reg.71708 (November 29, 2005). The statute does explicitly allow states not to authorize WIC-only vendors. See, e.g., 42 U.S.C. §§ 1786(h)(11)(A)(i)(III), (A)(ii)(I), (E). The second and third sentences of paragraph 28, insofar as they merely state the plaintiffs concerns, are not disputed, but are immaterial. Insofar as these sentences characterize the interim final rule, they state legal conclusions, not facts as to which a response is required.

29. Disputed. The first and second sentences of paragraph 29 predict the future and do not appear to reflect any personal knowledge of the declarant. Moreover, the predictions appear to be based on erroneous legal premises, such as those erroneous characterizations of the rule contained in the second half of paragraphs 29 and in paragraphs 32 and 41. Furthermore, these facts are immaterial. The third, fourth and fifth sentences of paragraph 29 are disputed because WIC-only stores are not subject to retroactive recoupment of payments within the preset maximum reimbursement. See Suppl. Vogel Decl.

30. Disputed in part. Insofar as paragraph 30 states legal arguments and conclusions, no response is required. Insofar as the second, third, and fourth sentences of paragraph 30 describe price differences among big-box stores, supermarkets and smaller grocers, those sentences are not

disputed. The statement that "the WIC Program historically has set price limitations by vendor peer groups" is disputed. See S. Rep.108-279, at 53, 2004 U.S.C.C.A.N. 668, 714-15 (June 7, 2004) (describing prior federal law).

31. Not disputed.

32. Disputed in part. As a matter of mathematics, those entities with the lowest prices do not "set the average." Otherwise, these facts are immaterial.

33. Insofar as paragraph 33 characterizes the interim rule and makes legal arguments, no response is required. Insofar as the second and third sentences restate the FNS's finding that "there is some evidence that WIC-only stores require full redemption of voucher, resulting in higher redemption values compared with other vendors," 70 Fed. Reg. at 71729, this fact is not disputed, but is immaterial.

34. Disputed. Paragraph 34 is unsupported speculation and does not appear to reflect any personal knowledge of the declarant. Moreover, the prediction appears to be based on erroneous legal premises, such as those erroneous characterizations of the rule contained in paragraphs 29, 32, and 41. Furthermore, these predictions are immaterial.

35. Insofar as paragraph 35 is based upon the unsupported speculation in paragraph 34, it is also not based on any personal knowledge of the declarants. Insofar as it predicts the behavior of WIC customers, it is also supported speculation. The final sentence is disputed. Vogel Decl. ¶ 20. None of these statements are material.

36. Not disputed but immaterial.

37. Not disputed, except to observe that WIC-only vendors have had some input. See Vogel Decl. ¶ 12; Robinson Decl. ¶ 7.

38. The first sentence is not disputed but is immaterial. The second sentence reflects speculation, not personal knowledge, and appears to be based on erroneous legal premises, such as those erroneous characterizations of the rule contained in paragraphs 29, 32, and 41. The third sentence is not disputed but is immaterial.

39. Sentences 1, 5, 6, and 7 of paragraph 39 reflect speculation by the declarant, not personal knowledge, and appears to be based on erroneous legal premises, such as those erroneous characterizations of the rule contained in paragraphs 29, 32, and 41. Sentences 2 through 4 state facts which are not disputed but which are immaterial.

40. Not disputed.

41. Disputed. See Vogel Decl. ¶ 16, Suppl. Vogel Decl.

42. Paragraph 42 reflects speculation by the declarant, not personal knowledge, and appears to be based on erroneous legal premises, such as those erroneous characterizations of the rule contained in paragraphs 29, 32, and 41. Insofar as the first and last sentences do state facts, they are not disputed, but they are immaterial.

43. The first sentence of paragraph 43 is not disputed, but is immaterial. The second sentence is disputed because it merely reports hearsay, the truth of which is not attested and because defendant disputes that the surveys cited in this paragraph can "demonstrate" anything at all. Insofar as any facts are supported in the the second sentence, they are immaterial.

44. Paragraph 44 merely reports hearsay, the truth of which is not attested. Insofar as any facts are supported by this paragraph, they are immaterial.

45. Not disputed, but immaterial.

Dated:   January 20, 2006              Respectfully submitted,


PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

JAMES J. GILLIGAN
Assistant Director, Federal Programs Branch


/s/ Amy E. Powell
AMY E. POWELL
Attorney, Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W. Rm. 7217
Washington, D.C. 20530
Telephone:    (202) 514-9836
Facsimile:    (202) 616-8202
Email:        amy.powell@usdoj.gov

Attorneys for Defendants