UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL WOMEN, INFANTS AND CHILDREN GROCERS ASSOCIATION, et. al.<br><br>Plaintiffs,<br><br>v.<br><br>FOOD AND NUTRITION SERVICE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.1:05-cv-02432-EGS<br>)<br>)<br>)<br>)<br>) |

January 20, 2006

## DECLARATION OF RONALD VOGEL

Ronald Vogel, for his declaration pursuant to 28 U.S.C. 1746, deposes and says as follows:

1) My name is Ronald Vogel. I am Associate Deputy Administrator for Special Nutrition Programs for the Food and Nutrition Service (FNS) of the United States Department of Agriculture (USDA). I submit this declaration in support of the Defendant's Motion for Summary Judgment in the above-captioned action. The statements made herein are based on my personal knowledge or on information provided to me in the course of performing my duties and responsibilities as Associate Deputy Administrator.

2) Attached here are true and correct copies of two guidance memoranda sent to administering State agencies through the Food and Nutrition Service (FNS) Regional Offices in response to the Temporary Restraining Order (TRO) issued on December 29, 2005, by the United States District Court for the District of Columbia. Regional Program Directors are directed to advise administering State agencies of all WIC policy memoranda. The first memorandum, *"Temporary Restraining Order for WIC Vendor Cost Containment Interim Rule"* was sent to Regional Program Directors on January 4, 2006. This memorandum was sent as a result of an agreement with plaintiffs' counsel. The second memorandum, *"Final WIC Policy Memorandum #2006-4 Vendor Cost Containment Rule"* was sent to Regional Program Directors on January 11, 2006. This memorandum was sent to explain State agency responsibilities under the TRO and to clarify FNS policy with respect to recoupments of excess payments to vendors under the interim regulation, *Special Supplemental Nutrition Program for Women, Infants and Children (WIC): Vendor Cost Containment; Interim Rule* (70 FR 71708).

I declare under penalty of perjury that the foregoing is true and correct. Executed on: January 20, 2006.

_____
Ronald Vogel
Associate Deputy Administrator
Special Nutrition Programs
Food and Nutrition Service
United States Department of Agriculture



**January 4, 2006**

**United States Department of Agriculture**

Food and Nutrition Service

3101 Park Center Drive Alexandria, VA 22302-1500

**SUBJECT:** Temporary Restraining Order for WIC Vendor Cost Containment Interim Rule

**TO:** Regional Directors
Supplemental Food Programs
All Regions

This memorandum provides guidance to State agencies regarding issues raised by the Temporary Restraining Order (TRO) issued on December 29, 2005, by the United States District Court for the District of Columbia (copy attached), regarding the implementation of the WIC Vendor Cost Containment Interim Rule, published in the *Federal Register* on November 29, 2005.

As you are aware, the Interim Rule at section 246.12(g)(4)(vi) is intended to implement the statutory requirement that State agencies seeking cost containment certification must compare average payments per food instrument to above-50-percent vendors to average payments to comparable regular vendors. However, the second and third sentences in this provision, related to how State agencies calculate average payments per food instrument, do not include the word comparable. This was merely an oversight on behalf of the Food and Nutrition Service. Our intent under this provision was to implement the statutory requirement that State agencies seeking certification established competitive price criteria and allowable reimbursement levels that do not result in average payments per voucher for above-50-percent vendors that are higher than average payments per voucher to comparable regular vendors.

This memorandum is effective immediately.

*Patricia N. Daniels*

PATRICIA N. DANIELS
Director
Supplemental Food Programs Division

Attachment

Cc: Gena Kochen, OGC

**USDA**

**United States Department of Agriculture**

Food and Nutrition Service

3101 Park Center Drive

Alexandria, VA 22302-1500

January 11, 2006

**SUBJECT:**   Final WIC Policy Memorandum #2006-4
            Vendor Cost Containment Interim Rule

**TO:**   Regional Directors
        Supplemental Food Programs
        All Regions

This policy memorandum supplements the guidance provided to State agencies on January 4, 2006, regarding the significance of the Temporary Restraining Order (TRO) issued on December 29, 2005, by the United States District Court for the District of Columbia, for the implementation of the WIC Vendor Cost Containment Interim Rule, published in the *Federal Register* on November 29, 2005, at 70 FR 71708.

**State Agency Responsibility to Comply with the Statutory Requirements**

All provisions of section 203(e)(10) of the Child Nutrition and WIC Reauthorization Act of 2004 continue to apply to all State agencies and vendors. Section 246.12(g)(4)(i)(D) of the Interim Rule is intended to implement the statutory requirement that State agencies must ensure that above 50-percent vendors do not result in higher costs to the program than if participants had transacted their food instruments at regular vendors. As required by the TRO, the Food and Nutrition Service (FNS) will not take any enforcement action up through February 9, 2006, under this provision of the Interim Rule against California, Arkansas, Texas, Florida, Kansas, Oklahoma and Puerto Rico, for payments made under the WIC Program to the current members of the National Women, Infants, and Children Grocers Association (the individual vendors of this trade association have elected to remain anonymous but have been identified to counsel), Nutritional Food Distributors, Inc., County Food Services, Inc., and Dillard Foods, Inc.

**Recouping Excess Payments from Vendors**

With respect to the methodologies that State agencies may employ in order to ensure that they meet the overall cost neutrality requirement in section 17(h)(11)(A) of the Child Nutrition Act of 1966 (42 U.S.C. 1786(h)(11)(A)), State agencies are advised that FNS will not approve a request for certification for a State agency that plans to recoup monies that were paid to vendors who redeemed food instruments within the maximum allowable levels.

Regional Directors
Page 2

This issue surfaced during the course of the TRO proceedings and we acknowledge that the Interim Rule could be interpreted as allowing this practice.  Thus, we are clarifying our position that FNS will not permit a State agency to recoup any payment to a vendor that is within the established maximum allowable reimbursement level for
that vendor, either in whole or in part, for cost containment purposes.  (This does not preclude a State agency that utilizes a post-payment food instrument edit system from making price adjustments in accordance with 7 CFR 246.12(h)(3)(viii) of the WIC regulations and recouping amounts above the established maximum allowable reimbursement rate applicable to the vendor.)  If a State agency determines that its current maximum allowable reimbursement levels do not achieve the statutorily required cost neutrality, then the State agency should revise the competitive price range, if necessary, and reduce the maximum allowable reimbursement levels.

**Summary**

With the qualifications discussed above, all State agencies should continue moving forward in their efforts to implement the WIC vendor cost containment requirements.  As indicated in the TRO, all State agencies are still obligated to comply with the provisions of section 1786(h) of the Child Nutrition Act of 1966.

This memorandum is effective immediately.

*Patricia N. Daniels*

PATRICIA N. DANIELS
Director
Supplemental Food Programs Division