UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL WOMEN, INFANTS, AND CHILDREN GROCERS ASSOCIATION, *et. al.* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-2432 (EGS) |
| FOOD AND NUTRITION SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**DECLARATION OF KATHLEEN KNOLHOFF**

1) My name is Kathleen Knolhoff. I am the Director of the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC") for the state of Maryland. I submit this declaration in support of the Center on Budget and Policy Priorities' Amicus Brief in the above-captioned action. The statements made herein are based on my personal knowledge or on information provided to me in the course of performing my duties as the Director of Maryland's WIC program.

2) I am responsible for the daily administration of the WIC program, including eligibility determinations, the issuance of benefits to more than 110,000 WIC participants monthly, oversight of 19 local WIC agencies, and the authorization and reimbursement of vendors. I am responsible for carrying out these responsibilities in accordance with our state WIC plan, which has been approved by the Food and Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"), and in accordance with applicable federal and state

law. Since December 30, 2005, I have been responsible for compliance with 42 U.S.C. § 1786(h)(11) as amended by the Child Nutrition and WIC Reauthorization Act of 2004 (Pub. L. 108-265).

3) The Maryland WIC program has taken several actions in order to come into compliance with the interim regulations published by FNS on November 29, 2005 (70 Fed. Reg. 71,708-71,731). First, we identified 11 stores, of our total 610 vendors, that potentially meet the criteria for being above-50-percent vendors as defined in 7 C.F.R. § 246.2. We analyzed our existing vendor peer group structure and determined that 18 additional peer groups would be necessary to accommodate current and future above-50-percent vendors.

4) The Maryland WIC program also took all the steps necessary to begin implementing the vendor management changes we'd identified, including the creation of new peer groups and reprogramming of our management information system to reflect the new policies. We notified the potential above-50-percent vendors of the impending changes in vendor policies; our notice was translated into Spanish and Korean to be sure the affected vendors would understand the changes.

5) We have taken these steps to comply with 42 U.S.C. § 1786(h)(11) in reliance upon FNS' interim regulations. In accordance with those regulations, in order to be certified by USDA as being in compliance with 42 U.S.C. § 1786(h)(11)(E) we have submitted to FNS a description of the state's vendor peer group system, competitive price criteria, and allowable reimbursement levels, as well as redemption data for each peer group identified as containing above-50-percent vendors as defined in 7 C.F.R § 246.2.

6) The preparation of these materials is being completed by 5 WIC program staff who also have ongoing responsibilities for overseeing the daily operations on the WIC program. We have not been provided with any dedicated administrative funds for implementation of the new provisions of 42 U.S.C. § 1786(h)(11).

7) If, as requested by the plaintiffs in this action, the interim regulations are vacated and FNS is required to publish proposed regulations and seek comments on them before developing and publishing final regulations, the Maryland WIC program would be placed in the untenable position of having to comply with the statutory provisions of 42 U.S.C. § 1786(h)(11) without any regulations in place on which to rely.

8) Under such circumstances we would have no certainty that FNS would ultimately consider our revised vendor peer group system, competitive pricing criteria, and allowable reimbursement levels, developed in reliance on the interim regulations, in compliance with the provisions of 42 U.S.C. § 1786(h)(11). The steps we have taken to date to comply with the interim regulations might well have been in vain. More significantly, if FNS ultimately concluded that we had not adequately complied with the statute, we would have to go through similar steps again. Making repeated changes in our vendor management policies severely drains program staff and resources, makes participation in the WIC program more difficult and costly for vendors, and could make it more difficult for participants to obtain the foods prescribed on their WIC food instruments.

I declare under penalty of perjury that the foregoing is true and correct. Further, I certify that I am qualified and authorized to file this Declaration.

*Kathleen A. Knolhoff*

Kathleen A. Knolhoff, M.P.H.
Director, Office of the Maryland WIC Program
Maryland Department of Health and Mental Hygiene