UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL WOMEN, INFANTS, AND CHILDREN GROCERS ASSOCIATION, *et. al.* | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Civil Action No. 05-2432 (EGS) |
| FOOD AND NUTRITION SERVICE, | ) ) ) |  |
| Defendant. | ) ) |  |

## DECLARATION OF FRANK MAISANO

1) My name is Frank Maisano. I am the Director of the Special Supplemental Nutrition Program for Women, Infants, and Children ("WIC") for the state of Pennsylvania. I submit this declaration in support of the Center on Budget and Policy Priorities' Amicus Brief in the above-captioned action. The statements made herein are based on my personal knowledge or on information provided to me in the course of performing my duties as the director of Pennsylvania's WIC program.

2) I am responsible for the daily administration of the WIC program, including eligibility determinations, the issuance of benefits to more than 243,000 WIC participants monthly, oversight of 24 local agencies who operate over 340 WIC clinics, and the authorization and reimbursement of vendors. I am responsible for carrying out these responsibilities in accordance with our state WIC plan, which has been approved by the Food and Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"), and in

accordance with applicable federal and state law. Since December 30, 2005, I have been responsible for compliance with 42 U.S.C. § 1786(h)(11) as amended by the Child Nutrition and WIC Reauthorization Act of 2004 (Pub. L. 108-265).

3) The Pennsylvania WIC program has already implemented changes to our vendor management policies and systems in order to come into compliance with the interim regulations published by FNS on November 29, 2005 (70 Fed. Reg. 71,708-71,731). First, we identified five stores that potentially meet the criteria for being above-50-percent vendors as defined in 7 C.F.R. § 246.2. We analyzed our existing vendor policies and determined that a statewide cost-containment system would be more effective than a peer group system. When Pennsylvania designed its price adjustment system, we developed and implemented new methodologies for determining price selection criteria and allowable reimbursement criteria and new procedures for collecting additional price information for all WIC allowable foods regularly.

4) The Pennsylvania WIC program prepared and submitted to FNS a request for a waiver from the peer group requirements under the provisions of 7 C.F.R. § 246.12(g)(4)(v)(B).

5) We have subsequently initiated the process for incorporating changes necessitated by the reauthorization law (Pub. L. 108-265) and the interim regulations into state regulations, a process which takes a minimum of 12 months, but more often takes 18 to 24 months. We have taken these steps to comply with 42 U.S.C. § 1786(h)(11) in reliance upon FNS' interim regulations.

6) The preparation of these materials was completed by five WIC program staff that also have ongoing responsibilities for overseeing the daily operations on the WIC program. We have not been provided with any dedicated administrative funds for implementation of the new provisions of 42 U.S.C. § 1786(h)(11). Thus I have had to reassign existing staff from other critical duties in order to take the steps necessary to comply with the new provisions.

7) If, as requested by the plaintiffs in this action, the interim regulations are vacated and FNS is required to publish proposed regulations and seek comments on them before developing and publishing final regulations, the Pennsylvania WIC program would be placed in the untenable position of having to comply with the statutory provisions of 42 U.S.C. § 1786(h)(11) without any regulations in place on which to rely.

8) Under such circumstances we would have no certainty that FNS would ultimately grant a waiver from the peer grouping requirements or deem our methodology developed for determining competitive price criteria and allowable reimbursement levels in compliance with the provisions of 42 U.S.C. § 1786(h)(11). The steps we have taken to date to comply with the interim regulations might well prove to have been in vain. More significantly, we would not know whether the Pennsylvania WIC program could continue to utilize a statewide vendor cost-containment system rather than developing peer groups. If FNS ultimately concluded that we had not adequately complied with the statute, we would have to go through the same steps again. Making repeated changes in our vendor

    management policies severely drains program staff and resources and creates costs and

    obstacles for vendors.


I declare under penalty of perjury that the foregoing is true and correct.  Further, I certify that I am qualified and authorized to file this Declaration.

_____
Frank Maisano
WIC Director
Pennsylvania Department of Health