UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL WOMEN, INFANTS, AND CHILDREN GROCERS ASSOCIATION, *et. al.* )<br><br>Plaintiffs, )<br><br>v. )<br><br>FOOD AND NUTRITION SERVICE, )<br><br>Defendant. ) | Civil Action No. 05-2432 (EGS) |

## DECLARATION OF ZOË NEUBERGER

1) My name is Zoë Neuberger. I am a policy analyst at the Center on Budget and Policy Priorities. The statements made herein are based on my personal knowledge or on information provided to me in the course of performing my duties at the Center on Budget and Policy Priorities.

2) I attended the hearing on motions for summary judgment on January 26, 2005. The attached exhibits address four specific points raised by the Court at the hearing. Each exhibit is described briefly below.

3) EXHIBIT A: The Court expressed interest in the extent to which the viewpoint of WIC-only stores was presented to members of Congress and their staff when the reauthorization law was being developed. As indicated by the attorneys for the plaintiffs, the National Women, Infants, and Children Grocers Association had not been formed at

that time. Nonetheless, the Nutritional Grocers Association of California, a trade association that represents many of California's WIC-only stores, as well as individual WIC-only store owners, were heavily involved in developing the legislation. They had numerous meetings and telephone conversations with key Congressional staff and USDA officials and were given opportunities to review and comment upon various iterations of the legislative language. The attached memorandum provides an example of the extent to which they were involved in crafting the statutory language. This May 2004 memorandum was written by John Bode of Olsson, Frank, and Weeda (attorneys for plaintiffs in this case) to the two key Senate staffers developing the legislation — staffers to Senator Cochran (then-Chair of the Senate Agriculture Committee) and Senator Harkin (ranking Member of the Senate Agriculture Committee).

4) <u>EXHIBIT B</u>: The Court also inquired about contact between the Administration and WIC-only store owners while the interim final regulation was being developed. One such contact that was not discussed during the hearing was a June 22, 2005 meeting between WIC-only store owners and a senior official at the Office of Management and Budget ("OMB"). Plaintiffs mentioned this meeting in their original Complaint, but did not mention the written comments that were subsequently provided to OMB while the regulation was under OMB review. These comments were submitted on behalf of the National Women, Infants, and Children Grocers Association and the Nutritional Grocers Association of California. (*See* Complaint, p.12.)

5) <u>EXHIBIT C</u>: The oral arguments may have left the impression that just a few WIC-only stores charge extremely high prices. To the contrary, unlike regular competitive stores, the vast majority of WIC-only stores charge prices that are at or near the maximum WIC reimbursement levels. The letter attached as Exhibit B includes June 2005 data from California. As analyzed in Exhibit C, those data illustrate that 74% of WIC redemptions at WIC-only stores were at prices at or above 95% of the state maximum. Arkansas data similarly illustrate that 93 percent of the vouchers for children that were redeemed at WIC-only stores during December 2004 were redeemed for an amount at or above 95 percent of the state's maximum reimbursement level. (*See* Mem. of Points and Authorities of the Center on Budget and Policy Priorities in Support of Def.'s Mot. for Summ. J., Attach. A.)

6) <u>EXHIBIT D</u>: The Court expressed interest in the extent to which neighborhoods with WIC-only stores are adequately served by other grocery stores. The California WIC Association issued a report illustrating how prevalent other grocery stores are in several California neighborhoods with WIC-only stores. The report includes maps of selected neighborhoods generated using the California Department of Health Services California Nutrition Network Geographic Information System.

I declare under penalty of perjury that the foregoing is true and correct. Further, I certify that I am qualified and authorized to file this Declaration.

_Zoë Neuberger_
Zoë Neuberger
Senior Policy Analyst
Center on Budget and Policy Priorities