# OLSSON, FRANK AND WEEDA, P.C.

ATTORNEYS AT LAW
SUITE 400
1400 SIXTEENTH STREET, N.W.
WASHINGTON, D.C. 20036-2220
(202) 789-1212
FACSIMILE (202) 234-3550

PHILIP C. OLSSON
RICHARD L. FRANK
DAVID F. WEEDA (1948-2001)
DENNIS R. JOHNSON
ARTHUR Y. TSIEN
JOHN W. BODE*
STEPHEN D. TERMAN
MARSHALL L. MATZ
MICHAEL J. O'FLAHERTY
DAVID L. DURKIN
NEIL F. O'FLAHERTY
PAMELA J. FURMAN
BRETT T. SCHWEMER

*PRACTICE WITHIN THE DISTRICT OF COLUMBIA
IS LIMITED TO MATTERS AND PROCEDURES
BEFORE FEDERAL COURTS AND AGENCIES

TISH E. PAHL
ROBERT A. HAHN
NAOMI J. L. HALPERN
STEPHEN L. LACEY
RYAN W. STROSCHEIN
EVAN P. PHELPS
VALERIE B. SOLOMON

*OF COUNSEL*
JUR T. STROBOS
JACQUELINE H. EAGLE
KENNETH D. ACKERMAN
MARK L. ITZKOFF

*SR. GOVERNMENT AFFAIRS ADVISOR*
JOHN R. BLOCK
BRIAN E. JOHNSON
SALLY S. DONNER

## MEMORANDUM

May 25, 2004

**BY ELECTRONIC MAIL**

TO:   Mr. David L. Johnson, Chief Counsel
      Committee on Agriculture, Nutrition
        and Forestry

      Mr. Derek J. Miller
      Committee on Agriculture, Nutrition
        and Forestry

FROM: John W. Bode

RE:   Child Nutrition Reauthorization Bill Recommendations – WIC-Only Stores

---

This memorandum is a response to your request for recommendations to develop a manager's amendment. It expands on the short paper, which was previously sent to you, in an effort to be fully responsive to your request. Amendment recommendations are from your May 14 draft.

The Child Nutrition Reauthorization Bill (CN Bill) recently ordered reported by the Senate Committee on Agriculture, Nutrition, and Forestry would force elimination of all WIC-Only stores, despite proclamations by all program advocacy groups that WIC-Only stores should have a role. The vendor cost containment provisions of the CN Bill should be revised to eliminate requirements that go far beyond the objective of cost containment and are discriminatory against WIC-Only stores.

\*     \*     \*     \*     \*

Memorandum Regarding Child Nutrition Reauthorization
 Bill Recommendations
May 25, 2004
Page 2

**1. Mandate costs that are comparable, not lower.**

**Recommendation:** At page 126, line 13, strike "higher" and insert in lieu thereof, "significantly different".

**Rationale:** The CN Bill would require each state WIC Director to certify that their vendor cost containment regulation does "not result in higher food costs than if program participants redeemed supplemental food vouchers at" other stores. Because WIC Directors do not know what store prices will be, the only way for them to assure that this certification is not breached would be to regulate WIC-Only store prices in a manner that assures that their food costs are lower than other food stores. **The objective in the certification should be changed to a neutral statement, rather than a statement that is limiting only for WIC-Only stores.** Thus, the word "higher" should be replaced with the term "significantly different".

\*     \*     \*     \*     \*

**2. Compare with stores that are similar, not supermarket chains.**

**Recommendation:** At page 126, lines 15 and 16, strike "vendors other than vendors described in subparagraph (D)(ii)(I);" and insert in lieu thereof, "other vendors of similar size and location."

**Rationale:** The store group with which WIC-Only store prices are to be compared is vague and could be interpreted to mean the average prices of all other stores, a level that generally reflects prices in large supermarket stores. Like other small, independent stores, WIC-Only stores do not receive the favorable product pricing that is received by large volume chain supermarkets and "box stores" that own their own wholesale distribution systems. In addition, to provide the services that distinguish them, WIC-Only stores have far higher staffing (typically former WIC participants) than any other stores. Thus, WIC-Only stores would not be viable if forced into a peer group with pricing limitations that effectively limit their prices to the prices of large, discount supermarket chains. Instead, **WIC-Only store costs should be limited to levels of stores of similar size and geographic location**, as suggested by leading advocacy groups:

> *"We believe that the Senate should include language in the reauthorization assuring that WIC-Only store prices are brought in line with those of similar retail stores."* (FRAC/La Raza Letter to Chairman Thad Cochran and Ranking Member Tom Harkin, May 15, 2004)

> *"The Senate bill should include a provision aimed at ensuring that retail prices in competitive stores are the basis for the price criteria that states use in*

Memorandum Regarding Child Nutrition Reauthorization
 Bill Recommendations
May 25, 2004
Page 3

> *approving WIC vendors and setting maximum reimbursement levels for WIC food items. WIC-only stores should not be discriminated against. What is needed is simply to apply to WIC-only vendors the same criteria as are applied to comparable competitive stores.*" (Zoe Neuberger and Robert Greenstein, *WIC-only Stores and Competitive Pricing in the WIC Program*, 2004, Center on Budget and Policy Priorities, 17 May 2004, http://www.cbpp.org/5-17-04wic.htm.)

\*    \*    \*    \*    \*

### 3. States should decide whether to have a separate peer group.

**Recommendation:  At page 126, line 16, strike "; and" and insert in lieu thereof, ".".  Strike lines 17 through 20.**

**Rationale:**  State agencies would have the option of separating WIC-Only stores into a separate peer group, but that decision should not be federally mandated in the statute.  It is sufficient that State agencies be required to provide cost containment that provides for WIC-Only store food costs to not be "significantly different" from stores of similar size and location.

\*    \*    \*    \*    \*

### 4. One set of marketing restrictions for all competitors, no discriminatory restrictions.

**Recommendation:  At page 128, strike lines 1 through 11.**

**Rationale:**  The CN Bill includes a prohibition on "incentive items or other free merchandise" from WIC-Only stores unless the store "provides to the state agency proof that the vendor obtained the incentive items or merchandise at no cost."  Thus, the requirement would prohibit WIC-Only stores from providing free food items, buy-one-get-one free, or other common marketing practices that are employed by their competitors.  Like their competitors, WIC-Only stores fund marketing activities from corporate funds, not WIC Program monies.  WIC-Only stores are pleased to submit to any marketing restrictions that are not discriminatory in their effect, but protest marketing prohibitions that apply to WIC-Only stores alone.  Incidentally, state programs use administrative funds to purchase incentive items from NWA for the purpose of rewarding program participation.  We respectfully submit that **Congress should not prohibit marketing activities for one group of WIC vendors, while permitting their competitors to engage in the same marketing activities.**

\*    \*    \*    \*    \*

Memorandum Regarding Child Nutrition Reauthorization
 Bill Recommendations
May 25, 2004
Page 4

    **5. Antitrust rule of construction.**

**Recommendation:** Insert antitrust rule of construction from House Bill. "RULES OF CONSTRUCTION.—Nothing in this section may be construed to authorize violation of the Sherman Antitrust Act (15 U.S.C. 1 et. seq.) or the Robinson-Patman Act (15 U.S.C. 13 et. seq.).".

**Rationale:** No provision of the CN Act amends antitrust law. However, given the abstract character of antitrust law and the significant potential for antitrust litigation regarding WIC related marketing activities (indeed a case is now pending), it is conceivable that CN Act defenses could be asserted. The House's rule of construction does nothing to change current law; but simply clarifies that no CN Act defense may be considered as a defense in antitrust litigation. WIC-Only stores could be victim to anticompetitive marketing practices by competitors.

                                  \*    \*    \*    \*    \*

    Thank you for your consideration of these recommendations, which are respectfully submitted on behalf of the Nutritional Grocers Association of California. I would be pleased to discuss these recommendations and may be reached at 202-518-6323; jbode@ofwlaw.com.

JWB.lss